IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PATRICIA SUE NIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-1297-CV-W-HFS |
| ) | |
| SPG INDEPENDENCE CENTER, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Patricia Sue Nix filed suit against defendant SPG Independence Center, LLC, alleging that defendant's negligence caused her to trip and fall on a concrete walkway and sustain injuries. Defendant has filed a motion for summary judgment. For the reasons set forth below, defendant's motion for summary judgment will be denied.

<u>Background</u>

On the afternoon of April 24, 2008, plaintiff Nix and her husband went to Independence Center, a shopping mall which is owned by defendant. At the time, plaintiff was 68 years old. Plaintiff wanted to go into the Dillard's department store, which is part of the mall and is located at 18805 E. 39th Street S in Independence, Missouri. She was not familiar with that Dillard's location. Upon arriving in their van, plaintiff asked her husband to let her out in front of Dillard's. On deposition, she testified that she thought the store looked "awfully dark" and wondered if it was closed, so she asked her husband to hold off on parking and wait while she checked to see if the store was open.

Walking toward the Dillard's entrance, plaintiff was on a concrete sidewalk or walkway in

front of the store. Plaintiff testified that just as she got close enough to see if the lights in the store were on, she looked up at the store. At that moment, she caught her toe on a crack or unevenness in the sidewalk that was lifted up, which caused her to trip and fall head first into the glass door at the entrance of Dillard's. Plaintiff testified head hit the door with "a horrible force," and she alleges that her left arm, shoulder, elbow and knees hit the concrete walkway. The crack or unevenness in the sidewalk was the same color as the rest of the sidewalk. Defendant submitted a photograph of the sidewalk that reflects the unevenness. Def.'s Ex. B. Plaintiff claims that she did not see the defect in the sidewalk prior to her fall and was not looking down at the time. She acknowledges that there is no question that had she looked, she would have seen the condition. Plaintiff alleges injuries including a fractured elbow, a torn rotator cuff, sprains, contusions and cuts, as well as permanent impairment of the normal use and function of her left arm and shoulder, and pain and suffering.

Legal Standards

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Poller v. Columbia Broad. Sys., Inc., 368 U.S. 464, 467 (1962). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party, and it must give that party the benefit of all reasonable inferences to be drawn from the evidence. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Luigino's, Inc. v. Stouffer Corp., 170 F.3d 827, 830 (8th Cir. 1999).

2

Analysis

In this premises liability case, Missouri law governs. To prevail in a negligence action, a plaintiff must establish (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) failure of the defendant to perform that duty, and (3) that the plaintiff's injury was proximately caused by defendant's failure. Krause v. U.S. Truck Co., Inc., 787 S.W.2d 708, 710 (Mo. banc 1990). "The general duty owed to an invitee by the owner of the premises is the exercise of reasonable and ordinary care in making the premises safe." Morrison v. St. Luke's Health Corp., 929 S.W.2d 898, 903 (Mo. Ct. App. 1996).

In this case, plaintiff is an invitee, which is defined as "'a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.'" Harris v. Niehaus, 857 S.W.2d 222, 225 (Mo. 1993) (quoting Restatement (Second) of Torts, § 332 (1965)). Under Missouri law, "[w]hen the plaintiff is an invitee, a possessor of land is subject to liability for injuries caused by a condition on the land *only if* the possessor '(a) knows or by exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger.'" Harris, 857 at 225-26 (quoting Restatement (Second) of Torts, § 343). As to the second element, generally "a possessor's actions do not fall below the applicable standard of care if the possessor fails to protect invitees against conditions that are open and obvious as a matter of law." Id. at 226. More specifically, "when the dangerous condition is so open and obvious that the invitee should reasonably be expected to discover it and realize the danger, a possessor of land does *not* breach the standard of care owed to

3

invitees 'unless the possessor should anticipate the harm despite such knowledge or obviousness.'" Id. at 226 (quoting Restatement (Second) of Torts, § 343A(1)).

As a preliminary note, defendant does not directly challenge the alleged dangerousness of the condition or causation. Instead, its briefing focuses on the absence of a duty to plaintiff. Defendant contends that the uneven condition of the sidewalk was open and obvious as a matter of law. Essentially defendant argues that because the condition of unevenness was visible and because plaintiff could have seen it if she had looked down at the moment, the condition was open and obvious, relieving defendant of any duty to protect plaintiff from it. In support of its contention, defendant cites Crow v. Kansas City Power & Light Co.,174 S.W.3d 523 (Mo. Ct. App. 2005), and Huxoll v. McAlister's Body & Frame, Inc., 129 S.W.3d 33 (2004). In Crow, the decedent, while at a painting job, died after the uninsulated aluminum ladder he was moving came into contact with overhead electric power power line. Crow, 174 S.W.3d at 526. The Court of Appeals found that the danger of the power line was open and obvious as a matter of law; the argument that the plaintiff did not see the lines was rejected based on a Missouri Supreme Court ruling that created a worker's duty to look up. Id. at 537-38 (citing Dalby v. Hercules, Inc., 458 S.W.2d 274, 279 (Mo. 1970)). Huxoll involved a plaintiff who was injured as he exited the premises by unlocking a locked door and attempting to walk over a pile of sheet metal, although safer alternative exits existed. Huxoll, 458 S.W.2d at 34-36. The Huxoll court found that dangerous condition at issue to be open and obvious as a matter of law. While Crow and Huxoll are sound, the court finds that they are factually distinguishable from the case at bar.

Cases involving walking surfaces are pertinent and helpful in the court's analysis. One case cited by plaintiff is much more on point – Bartel v. Central Markets, Inc., 896 S.W.2d 746 (Mo. Ct.

4

App. 1995). In Bartel, as the plaintiff exited a grocery store carrying a grocery bag and a bottle of barbeque sauce, she tripped and fell over when her right foot hit "something solid" on the sidewalk. Bartel, 896 S.W.2d at 747. She acknowledged that she "was not looking at her feet as she crossed the sidewalk." Id. at 747. After the fall, she examined the location and noticed "an approximate a one inch unevenness in the adjoining slabs of concrete." Id. at 748. The defendant argued that the unevenness of the sidewalk slabs was open and obvious and that plaintiff only fell as a result of failure to use due care to protect herself. Id. at 748. In reversing summary judgment, the Court of Appeals held that "we cannot say as a matter of law that the condition was so open and obvious that defendants could reasonably rely on its invitees to see and appreciate the risk of danger as they exited the store with arms full of groceries or pushing grocery carts ahead of them." Id. at 748.

Another useful case involving an uneven walking surface is Privitera v. Coastal Mart, Inc., 908 S.W.2d 779 (Mo. Ct. App. 1995). In Privitera, after getting gas and paying the cashier, the plaintiff, who was wearing high heels, was walking back to her car across the gas station's parking lot when she "caught her heel in a marble-sized hole in the concrete" and fell to the ground. Privitera, 908 S.W.2d at 780. The evidence showed that there were many such pop-outs creating holes in the parking lot. Id. at 781. A jury awarded plaintiff damages, and defendant appealed. The Court of Appeals affirmed, concluding that "the condition of Coastal Mart's lot was not open and obvious as a matter of law." Id. at 782.

Lastly, the recent case of Smith v. Callaway Bank, 2012 WL 612368 (Mo. Ct. App. February 28, 2012), is also instructive. In Smith, the plaintiff went to the bank to cash a check and walked out with money she received. Smith, 2012 WL 612368 at *1. As she walked out of the bank toward her car while counting her cash, she stepped on a lava rock on the sidewalk and suffered an injury

5

when she twisted her ankle.  Id. at *1.  The lava rock was maroon in color and about the size of a half or silver dollar.  Id. at *2.  The plaintiff had testified that she had seen lava rocks on the sidewalk on previous visits but did not see any that day; she contended that she did not see the rock before she stepped on it because she was counting her money.  Id. at *2.  The trial court granted summary judgment based on defendant's open and obvious argument.  Id. at *2.  The Court of Appeals reversed, finding that "we cannot conclude, as a matter of law, that the presence of a coin-sized lava rock was a dangerous condition so open and obvious that Smith could be reasonably expected to discover it."  Id. at *4.

The court finds that the facts of the case at bar are much like those in Bartel, Privitera and Smith.  In each instance, the plaintiff was caught off guard and ultimately injured due to an uneven surface beneath her feet.  Like the plaintiff here, each of the three plaintiffs contends that she did not see the problematic condition before the accident.  Importantly, visibility of the condition after the fact did not render the plaintiffs responsible for their falls or absolve the defendants of liability.  Instead, the Courts of Appeal uniformly concluded that the conditions were not open and obvious as a matter of law.  Here, the facts are sufficiently similar to warrant a like outcome.  After careful review, the court agrees with the holdings in these three cases and finds that in the present case, the unevenness in the sidewalk in question was not open and obvious as a matter of law.  Therefore, defendant is not relieved of its duty to protect plaintiff against the alleged danger. Viewing the facts in the light most favorable to plaintiff, the court finds that she has made a submissible case of premises liability.

Conclusion

Accordingly, it is hereby

6

ORDERED that defendant's motion for summary judgment (ECF doc. 10) is DENIED.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

March  14 , 2012

Kansas City, Missouri